IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FRANK DAUGHTERY, #151465**                                  **PLAINTIFF**

v.                                                 **CAUSE NO. 1:18-cv-4-LG-RHW**

**STATE OF MISSISSIPPI**                                         **DEFENDANT**

## ORDER OF DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff Frank Daughtery is an inmate of the Mississippi Department of Corrections and he brings this Complaint pursuant to 42 U.S.C. § 1983. The only named Defendant is the State of Mississippi. The Court, having liberally construed Daughtery's Complaint [1] and Response [10] in consideration with the applicable law, finds that this case should be dismissed.

### I. BACKGROUND

Daughtery is incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi. He is serving a term of imprisonment for two felony convictions imposed by the Walthall County Circuit Court. *See Daughtery v. Banks*, No. 2:17-cv-193-KS-FKB (S.D. Miss. filed Dec. 1, 2017) (Habeas Corpus Case). In this Complaint, Daughtery appears to assert claims regarding the validity of his convictions. As relief, he states that he is "asking . . . to get back in court[] [t]o get some of the 16 years back." Compl. [1] at 5.

After review of the Complaint, the Court entered an Order advising Daughtery that the State of Mississippi is not a person within the meaning of

§ 1983. *See* Order [8]. The Order provided Daughtery "with an opportunity to name a viable Defendant prior to the dismissal of this case." *Id*. at 1. In addition, the Order [8] directed Daughtery to specifically state how each named Defendant violated his constitutional rights. *Id.* Daughtery filed a Response [10] wherein he makes statements related to his conviction, states that he has literacy issues, states that the Warden's name at SMCI is Mills, and appears to state that he does not want this case dismissed. Resp. [10] at 1.

## II. DISCUSSION

Daughtery is incarcerated and proceeding *in forma pauperis*. *See* Order [7]. The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoners proceeding *in forma pauperis*, and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Daughtery is a prisoner proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

Section 1983 provides, in pertinent part, "[e]very *person* who, under color of [state law], subjects . . . any citizen . . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983 (emphasis added). The State of Mississippi is not

amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

As stated above, the Court advised Daughtery that the State of Mississippi is not a viable Defendant in a § 1983 case and further provided Daughtery with the opportunity to name any other Defendants. *See* Order [8]. Daughtery failed to do so. Even if the Court were to liberally construe Daughtery's mention of Warden Mills in his Response [10] as an attempt to name Mills as a Defendant, Daughtery fails to assert any allegations against Mills. The liberality applied to a pro se litigant's pleadings does not allow the Court "to conjure up unpled allegations." *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)). Therefore, this § 1983 action will be dismissed.

The Court also finds that to the extent Daughtery is seeking a speedier release from incarceration, his request must be pursued through a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding habeas corpus is "sole federal remedy" for inmate's challenge to the duration of his confinement seeking immediate release or a speedier release from imprisonment); *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983) (reiterating that challenge to duration of prisoner's confinement is a habeas corpus matter). Daughtery is currently litigating a habeas corpus case in this Court. *See Daughtery v. Banks*, No. 2:17-cv-193-KS-FKB (S.D. Miss. Dec. 1, 2017). Therefore, any habeas corpus

claims presented in this § 1983 case, will be dismissed without prejudice to Daughtery's pursuit of these claims in his pending habeas corpus case.

III. CONCLUSION

The Court has considered the pleadings and applicable law. For the reasons stated, Daughtery's § 1983 claims against Defendant State of Mississippi will be dismissed with prejudice. Any habeas corpus claims that Daughtery may be asserting in this § 1983 case will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Daughtery's § 1983 claims against Defendant State of Mississippi should be, and are hereby, **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, any habeas corpus claims Daughtery may be asserting in this § 1983 case are **DISMISSED WITHOUT PREJUDICE** to Daughtery's pursuit of these claims in his pending habeas corpus case, *Daughtery v. Banks*, No. 2:17-cv-193-KS-FKB (S.D. Miss. Dec. 1, 2017).

**SO ORDERED AND ADJUDGED** this the 30th day of July, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE